# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARC MCCURDY,

    Petitioner,

vs.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No. 2:14-cv-00713-JCM-GWF

**ORDER**

    Currently before the court is a motion for a stay (#6). Petitioner asks the court to stay the action while he pursues a claim of a violation of the Fourth Amendment through a state habeas corpus petition. The court may stay a mixed petition, containing grounds both exhausted and unexhausted in the state courts, if petitioner shows that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005). A stay is not appropriate at this time. The petition for a writ of habeas corpus does not contain this Fourth Amendment claim, and the motion (#6) does not contain any description of the claim beyond a citation to a decision of the Supreme Court of the United States. The court has no means of determining whether the claim has potential merit. If petitioner wishes to present a Fourth Amendment claim to this court, then he will need to file an amended petition that contains the claim. The court makes no comment on whether the claim would be subject to any procedural defenses. He also will need to re-allege in the amended petition all the other counts in the original petition, or they will be waived. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

1     Petitioner also has submitted a motion for appointment of counsel (#2). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the petition, the court concludes that appointment of counsel is not warranted.

    IT IS THEREFORE ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    IT IS FURTHER ORDERED that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have thirty (30) days from the date that this order is entered in which to file an amended petition to correct the noted deficiencies. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims. If petitioner does not file an amended petition within the allotted time, then the action will proceed upon the original petition.

    IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket number, 2:14-cv-00713-JCM-GWF, above the word "AMENDED."

DATED: September 26, 2014.

_____
JAMES C. MAHAN
United States District Judge