UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARC McCURDY, ) | |
| ) | |
| Petitioner, ) | 2:14-cv-00713-JCM-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| BRIAN WILLIAMS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Marc McCurdy, a Nevada prisoner. On May 26, 2015, respondents filed a motion to dismiss in relation to McCurdy's habeas petition, arguing that Grounds Six and Seven are procedurally defaulted. ECF No. 16. Alternatively, respondents argue that the Fourth Amendment claim in Ground Six should be dismissed under *Stone v. Powell*[1] or *Tollett v. Henderson*.[2]  *Id*.  This order decides that motion.

I.  PROCEDURAL BACKGROUND

In June 2012, McCurdy was convicted, pursuant to a guilty plea, of driving and/or being in actual physical control while under the influence of intoxicating liquor – a felony. He was sentenced

---

[1]  428 U.S. 465 (1976).

[2]  411 U.S. 258 (1973).

to a maximum of 180 months in prison with parole eligibility after serving a minimum of 72 months. McCurdy did not appeal his conviction.

In October 2012, he filed a state post-conviction petition for habeas corpus relief. After the state district court denied the petition on the merits, McCurdy appealed to the Nevada Supreme Court. In January 2014, the Nevada Supreme Court affirmed the lower court's denial of relief.

In April 2014, McCurdy filed a second state post-conviction petition for habeas corpus relief, then followed that with a third petition in June 2014. In October 2014, the state district court entered an order dismissing the petitions on procedural grounds. McCurdy appealed to the Nevada Supreme Court. In February 2015, the Nevada Supreme Court affirmed the lower court's decision.

McCurdy mailed the federal petition initiating this case on May 1, 2014. On October 27, 2014, he filed the amended petition that is the subject of respondents' motion to dismiss.

II.  PROCEDURAL DEFAULT

A "procedural default" occurs when a petitioner presents a federal law claim for habeas corpus relief to the state courts but the state courts dispose of the claim on procedural grounds instead of on the merits. A federal court will not review the claim if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

A state procedural bar is "independent" if the state court explicitly invokes the procedural rule as a separate basis for its decision. *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir.1995).

2

A state court's decision is not "independent" if the application of a state's default rule depends on a consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000). Also, if the state court's decision fails "to specify which claims were barred for which reasons," the Ninth Circuit has held that the ambiguity may serve to defeat the independence of the state procedural bar. *Valerio v. Crawford*, 306 F.3d 742, 775 (9th Cir. 2002); *Koerner v. Grigas*, 328 F.3d 1039, 1050 (9th Cir. 2003).

A state procedural rule is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court*, 96 F.3d 1126, 1129 (9th Cir.1996) (citation and internal quotation marks omitted). Assuming the petitioner has met his burden, "the ultimate burden" of proving the adequacy of the state bar rests with the State, which must demonstrate "that the state procedural rule has been regularly and consistently applied in habeas actions." *Id*.

Respondents argue that Grounds Six and Seven of McCurdy's amended petition are procedurally barred because McCurdy did not present them to the state court until his second state post-conviction proceeding wherein the Nevada Supreme Court barred the claims as untimely and successive under Nev. Rev. Stat. §§ 34.726 and 34.810, respectively. *See* ECF No. 18-15. The Nevada Supreme Court rejected McCurdy's arguments that he could show cause and prejudice to overcome the procedural bars. *Id*.

The Ninth Circuit has held that the Nevada Supreme Court's application of the timeliness rule in Nev. Rev. Stat. § 34.726(1) is an independent and adequate state law ground for procedural default. *Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir. 1996); *see Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002). Likewise, the Ninth Circuit has also held that, at least in non-capital cases, application of the successiveness rule of Nev. Rev. Stat. § 34.810 is an independent and adequate state ground for procedural default. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210–12 (9th Cir. 1999).

3

In opposing the motion to dismiss, McCurdy suggests that the State misrepresents the procedural history of his case with respect to the timeliness of his state petition for post-conviction relief. However, his habeas petition indicates that Ground Six was not raised until his second post-conviction petition, which was filed well beyond the one-year deadline set forth in Nev. Rev. Stat. § 34.726. ECF No. 10, p. 30. With respect to Ground Seven, the record shows that it was not raised in the state court until June of 2014, also well beyond the deadline. ECF No. 18-11. McCurdy raises no other argument as to the adequacy or independence of either procedural bar. Thus, respondents prevail on that issue. *See Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003) (holding that once the State carries the initial burden of alleging "the existence of an independent and adequate state procedural ground as an affirmative defense," the burden shifts to the petitioner "to place that defense in issue").

The only argument McCurdy raises with respect to cause and prejudice is that his default was due to lack of counsel in his state post-conviction proceedings. The Supreme Court has held that cause for a procedural default may arise from ineffective assistance of counsel in a petitioner's post-conviction proceeding. *See Martinez v. Ryan*, 132 S.Ct. 1309 (2012). The Court in *Martinez* held that, in collateral proceedings that provide the first occasion to raise a claim of ineffective assistance at trial, ineffective assistance of post-conviction relief (PCR) counsel in that proceeding may establish cause for a prisoner's procedural default of such a claim. *Martinez*, 132 S. Ct. at 1315. The Court stressed, however, that its holding was a "narrow exception" to the rule in *Coleman v. Thompson* that "an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Id*. The Court also took care to point out that the exception does not extend beyond claims that counsel was ineffective at trial. *See id.* at 1320.

To establish "cause" to overcome procedural default under *Martinez*, a petitioner must show:

> (1) the underlying ineffective assistance of trial counsel claim is "substantial"; (2) the petitioner was not represented or had ineffective counsel during the PCR proceeding; (3) the state PCR proceeding was the initial review proceeding; and (4) state law

    required (or forced as a practical matter) the petitioner to bring the claim in the initial review collateral proceeding.

*Dickens v. Ryan*, 740 F.3d 1302, 1319 (9th Cir. 2014) (citing *Trevino v. Thaler*, 133 S.Ct. 1911, 1918 (2013)).

    In Ground 6, McCurdy alleges violations of his rights under the Fourth Amendment and his right to effective assistance of counsel arising from the State's failure to obtain a warrant for the blood draw that occurred in his case. Because it only applies to ineffective assistance of counsel claims, *Martinez* does not provide a basis to excuse the default of the substantive Fourth Amendment claim.

    As to whether Ground Six presents a "substantial" ineffective assistance of claim, the claim must be examined under *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the petitioner must show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) counsel's errors "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687. The first *Strickland* prong asks whether an attorney's performance fell below an objective standard of reasonableness. *Id*. at 687-88. The second prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

    The U.S. Supreme Court, in *Missouri v. McNeely*, 133 S.Ct. 1552, 1568 (2013) (plurality opinion), held that, in the absence of a recognized exception to the warrant requirement, a warrantless blood draw violates the Fourth Amendment prohibition on unreasonable searches and seizures. However, the blood draw in this case occurred in February 2009 several years prior to the issuance of *McNeely*. The finality of McCurdy's conviction also predates *McNeely*. Accordingly, an attempt by McCurdy's counsel to challenge blood evidence on Fourth Amendment grounds would not have been successful. *See Byars v. State*, 336 P.3d 939, 947 (Nev. 2014) (holding that admission of blood draw evidence was not erroneous because, pre-*McNeely*, officer had a reasonable good-faith

belief in the constitutional validity of a warrantless blood draw). Thus, McCurdy's counsel did not perform below the *Strickland* standard by not raising such a challenge. *See Bullock v. Carver*, 297 F.3d 1036, 1052 (10th Cir. 2002) (rejecting ineffective assistance claim based upon counsel's failure to predict future changes in the law and stating that "clairvoyance is not a required attribute of effective representation"). The ineffective assistance of counsel claim in Ground Six is not "substantial" for the purposes of *Martinez*.

In Ground Seven, McCurdy claims a violation of his constitutional rights based on an allegation that his counsel failed to file a direct appeal despite his request that she do so.[3] The claim was added to McCurdy's habeas application with his October 2014 amendment. Viewed within the context of the entire petition, Ground Seven must be viewed as a supplement to Ground Three rather than an independent claim for habeas relief.

In Ground Three, McCurdy claims that his counsel's advice to not pursue a direct appeal resulted in a violation of his constitutional rights. As factual support for Ground Three, he alleges that the sentence he received is excessive given the circumstances underlying his offense. He further alleges that the presentence investigation report (PSI) submitted to the sentencing court contained prejudicial errors, which the State exploited by arguing for the maximum available sentence, in violation of the plea agreement. The thrust of Ground Three is that his counsel was ineffective by advising him to not file a direct appeal notwithstanding these appealable issues. Evidence used to support this claim includes copies of letters McCurdy received from counsel dated June 1, 2012, and June 8, 2012, and a copy of a letter McCurdy sent to the trial judge dated June 12, 2012. ECF No. 8, p. 34-40.[4]

---

[3] To the extent Ground Seven can be construed as alleging claims other than a denial of McCurdy's right to effective assistance of counsel, such claims are denied for the reason noted above – i.e, the default of those claims does not fall within *Martinez*.

[4] McCurdy included these letters with his initial petition – i.e., ECF No. 8. Although he did not attach them to his amended petition, he cites to them in that pleading.

1     The only "new" allegation asserted in support of Ground Seven is that, upon leaving the court immediately following his sentencing hearing on May 31, 2012, McCurdy told his counsel that he wanted to appeal.  In determining whether McCurdy may be entitled to habeas relief, this allegation cannot be viewed in isolation from the allegations and evidence advanced in support of Ground Three.  That is, the question whether McCurdy was unconstitutionally deprived of his right to a direct appeal due to the deficient conduct of his counsel requires the court to consider the totality of the circumstances.  *See Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000) ("Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.")

    In this court's view, McCurdy's addition of Ground Seven to his petition was merely an attempt to enhance or retool the claim alleged in Ground Three, which was denied on the merits by the Nevada Supreme Court in his first state post-conviction petition.  ECF No. 17-14, p. 4-5.  The facts alleged under Ground Seven should have been included as part of that claim in the first instance.  Accordingly, Ground Seven shall be dismissed as an independent claim.

### III.  CONCLUSION

    Ground Six shall be dismissed as procedurally defaulted.  Having so concluded, the court need not address whether aspects of the claim are barred under *Stone v. Powell* or *Tollett v. Henderson*.  Ground Seven shall be dismissed for the reasons explained above.

    **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 16) is GRANTED.  Grounds Six and Seven are dismissed from the amended habeas petition (ECF No. 10).

    **IT IS FURTHER ORDERED** that the respondents shall have **forty-five (45) days** from the date on which this order is entered to answer the remaining claims in the petition.  To the extent they have not done so already, respondents shall comply with Rule 5 of the Rules Governing Section

2254 Cases in the United States District Courts.  Petitioner shall have **forty-five (45) days** from the date on which the answer is served to file a reply.

     **IT IS FURTHER ORDERED** that respondents' motion for extension of time (ECF No. 23) is GRANTED *nunc pro tunc* as of August 10, 2015.

Dated February 8, 2016.

_____
UNITED STATES DISTRICT JUDGE